In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-145 CV


____________________



CLAUDE HUGH LLOYD, JR. and CASSONDRA JEAN LLOYD, Appellants



V.



BECKY CAMPBELL and 


AMERICAN HOME PRODUCTS CORPORATION, ET AL, Appellees






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. 18407






MEMORANDUM OPINION


 Claude Hugh Lloyd, Jr. and Cassondra Jean Lloyd appeal pro se from the trial
court's order striking their plea in intervention. For the reasons set forth below, we
affirm.

 Rule 60 of the Texas Rules of Civil Procedure sets out an applicant's right to
intervene in litigation, "subject to being stricken out by the court for sufficient cause on
the motion of any party." Tex. R. Civ. P. 60. A trial court is given broad discretion in
deciding on a motion to strike, and its decision will be reversed only if it has abused that
discretion. See Guaranty Federal Sav. Bank v. Horseshoe Operating Co., 793 S.W.2d
652, 657 (Tex. 1990). In Guaranty Federal, the supreme court held it is an abuse of
discretion to strike a plea in intervention if: (1) the intervenor can show that he could have
brought the same action, or any part thereof, in his own name, or, if the action had been
brought against him, he would be able to defeat recovery; (2) the intervention will not
complicate the case by an excessive multiplication of the issues, and (3) the intervention
is almost essential to effectively protect the intervenor's interest. Id. Thus, appellants
must satisfy all three prongs of the Guaranty Federal test to prevail.

 In their brief, appellants' cite no authority in support of their position and make no
attempt to demonstrate their plea met the requisites of Guaranty Federal. See Tex. R.
App. P. 38.1. It is not apparent from the record before us that appellants were entitled to
intervene. Accordingly, we cannot find the trial court abused its discretion in striking
appellants' plea in intervention. The judgment of the trial court is affirmed. Appellee's
Motion to Dismiss Appeal is denied as moot.

 AFFIRMED.





 PER CURIAM



Submitted on March 27, 2003

Opinion Delivered April 3, 2003



Before McKeithen, C.J., Burgess and Gaultney, JJ.